**WO**

**NOT INTENDED FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Adams, et al., | No. CIV 10-1088-PHX-DKD |
| Plaintiffs, | |
| vs. | **ORDER** |
| US Airways, Inc., et al., | |
| Defendants. | |

Currently pending before the Court is Defendant US Airways, Inc.'s ("US Airways") Motion to Dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure (Doc. 12). US Airways argues: 1) Plaintiffs have not alleged facts that make it plausible that US Airways is their joint employer; 2) Plaintiffs' claim for overtime compensation should be dismissed because US Airways is a common carrier; and 3) Plaintiffs have not adequately pled a claim for unjust enrichment. Plaintiffs argue that they adequately pled facts to make it plausible that US Airways was their joint employer and that they adequately pled a claim for unjust enrichment. However, Plaintiffs concede that their overtime complaint is subject to dismissal (Doc. 21 at 1). For the reasons stated below, the Court **GRANTS** US Airways's Motion to Dismiss. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

This case arises out of a mandatory $2 per bag fee that US Airways imposed on passengers in 2005. Complaint at ¶ 2. Plaintiffs allege that after the bag fee was imposed, tips decreased dramatically to the point that Plaintiffs, who are employed as skycaps at US Airways

1 terminals, no longer receive a minimum wage in violation of the Fair Labor Standards Act
2 ("FLSA") and the equivalent Arizona act. Plaintiffs also allege that they were not compensated
3 for working overtime. Alternatively, Plaintiffs allege that the actions taken by US Airways
4 constituted unjust enrichment and that they are entitled to restitution.

## DISCUSSION

Rule 12(b)(6) requires dismissal when the plaintiff's complaint "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In particular, Rule 12(b)(6) addresses insufficient pleading under Rule 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to satisfy Rule 8(a)(2), plaintiffs must allege sufficient facts beyond the level of speculation "to nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In this context, a court must take all well-pleaded factual allegations as true, but legal conclusions in the form of factual allegations are not afforded the same presumption of truth. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *quoting Twombly*, 550 U.S. at 555, 557.

I.   Joint Employer Liability

This first issue raised by US Airways is whether Plaintiffs sufficiently pled that US Airways is a joint employer of Plaintiffs under the FLSA. The FLSA defines "employ" as "to suffer or permit to work." 29 U.S.C. § 203(g). Additionally, the FLSA defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). The Supreme Court in interpreting the FLSA has noted its "striking breadth" and that it "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles." *Nationwide Mutual Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992).

- 2 -

In order to determine whether US Airways is a joint employer of Plaintiffs the Court must "consider the totality of the circumstances" reflecting the economic reality of the relationship. *Hale v. State of Arizona*, 993 F.2d 1387, 1394 (9th Cir. 1993). In evaluating the totality of the circumstances, the Ninth Circuit has identified several factors to aid the analysis including "'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1467 (CD Cal. 1996) (*quoting Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)). However, these factors "are neither exclusive nor conclusive" and "are not etched in stone and will not be blindly applied." *Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1370 (9th Cir. 1981).

In support of their position that Plaintiffs have not adequately pled facts under a joint employment theory pursuant to *Twombly*[1] and *Iqbal*[2], US Airways relies on *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677 (9th Cir. 2009), which they claim puts forth the applicable standard for all joint-employer cases to survive a 12(b)(6) motion to dismiss. However, in *Wal-Mart*, the Ninth Circuit specifically noted that "cases cited by Plaintiffs regarding employment relationships are inapposite. Some of Plaintiffs' authorities rely on specific statutory and regulatory schemes, like the Fair Labor Standards Act, that use a definition of 'employer' inapplicable to this context." *Id.* at 572 F.3d at 683 n.5 (citation omitted). Just as cases decided under FLSA were inapplicable to *Wal-Mart*, *Wal-Mart* is inapplicable to a dispute involving the FLSA. Therefore, this case must be decided by applying the definition of employer under the FLSA against the facts alleged in Plaintiffs' complaint under the standard the Supreme Court recently articulated through *Twombly* and *Iqbal*.

---

[1]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[2]*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009).

- 3 -

Plaintiffs' Complaint contains several allegations which make it conceivable that US Airways is an employer within the meaning of the FLSA. First, Plaintiffs allege that they "are or have been employed as skycaps at Defendant US Airways, Inc. Terminals[.]" (Doc. 1-1 ¶ 1). Second, Plaintiffs allege that Defendants[3] "[i]mproperly collected tips earned by Plaintiffs" (Doc. 1-1 ¶ 18(c)). Third, Plaintiffs allege that Defendants "[r]equir[ed] Plaintiffs to perform work during meal period without proper compensation" (Doc. 1-1 ¶ 18(d)). Fourth, Plaintiffs allege that Defendants "[r]equir[ed] Plaintiffs to work over forty (40) hours per week without providing overtime compensation" (Doc. 1-1 ¶ 18(e)). Fifth, Plaintiffs allege that Defendants "[r]equir[ed] employees to pay taxes on tips that they did not actually receive" (Doc. 1-1 ¶ 18(f)). However, each of these allegations employs the collective "Defendants" which is defined to include the alleged joint employer US Airways and the unserved Defendant Independent Skycap Services, LLC. Accordingly, these allegations are of little use for the purpose of determining whether US Airways is a joint employer.

Plaintiffs appear to concede this point because their Response to the Motion to Dismiss advances just two arguments in support of their joint employer theory. First, "that US Airways exerted control of the skycaps' salaries, and decreased the Plaintiffs' wages to below both the federal and state minimum wages by assessing the $2 per bag charge." Response at p. 3. Second, "that the services performed by the skycap Plaintiffs are an integral part of US Airways' business." *Id*. There is nothing in the complaint beyond the bald statement "US Airways exerted control of the skycaps' salaries" to support this statement. This is exactly the kind of conclusory statement which *Twombly* deems insufficient to state a claim. *Twombly* at 557. The second half of that sentence is not evidence of a joint employer status, rather it is the legal theory of Plaintiffs' case. With respect to the allegation that Plaintiffs are an integral part

---

[3]While there are two defendants in this action, one, Independent Skycap Services LLC, apparently has not been served (Doc. 1 at 2) and thus Independent Skycap Services has not appeared. All allegations in the Complaint which refer to "Defendants" are against both US Airways and Independent Skycap Services (Doc. 1-1 at 6).

of the US Airways business, there is nothing in the Complaint which supports that allegation. Moreover, this statement strains plausibility as it is difficult to consider that skycap services are integral in light of the common sense understanding that many people travel via US Airways without their services. Webster's Ninth New Collegiate Dictionary defines "integral" as "essential to completeness." Again, skycap services may be helpful but it strains plausibility to suggest they are essential to the completeness of US Airways business.

In addition, Plaintiffs' two arguments do not address the Ninth Circuit's four factors which could support a finding of a joint employer status (*See supra*, p. 3). Plaintiffs' arguments do not address whether US Airways had the power to hire and fire the employees, whether they supervised and controlled employee work schedules or conditions of employment or maintained employment records. Plaintiffs' Complaint does contend that US Airways controlled the rate and method of payment. However, there is nothing in the Complaint which addresses how US Airways controlled the rate and payment of anything other than the two dollars which was required for any bag that was placed with a skycap and then presented to US Airways. Apart from Plaintiffs' theory of the case, the imposition of the fee does not by itself evidence a joint employer status.

Finally, Plaintiffs' two arguments provide no basis to address the factors set forth in *Moreau v. Air France*, 356 F.3d 942 (9th Cir. 2004). In *Moreau*, the Ninth Circuit considered whether Air France was a joint employer under the Family Medical Leave Act ("FMLA"). Because no FMLA cases addressed this subject and because of the similarity of the regulations in the FMLA and the FLSA as well as the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), the Court's analysis relied heavily on the FLSA and AWPA standards regarding joint employer status. What is apparent from a comparison of the Complaint to the factual analysis in *Moreau*, as considered under the light of *Iqbal*'s requirements, is the inadequacy of Plaintiffs' Complaint. The Complaint's conclusory allegations do not demonstrate the plausibility of a claim that US Airways is a joint employer.

Plaintiffs cite *Thompson v. U.S. Airways, Inc.*, 717 F.Supp.2d 468 (E.D. Pa. 2010), but this case is distinguishable because the plaintiffs in that case alleged facts to show that US Airways was a joint employer "including that the skycaps worked on premises owned by U.S. Airways, and also that U.S. Airways controlled decisions relating to skycap compensation or the performance of services." *Id.* at 479.  No similar facts are alleged here.

II.     Overtime Compensation

US Airways next argues that Plaintiffs' claim for failure to pay overtime should be dismissed because of the common carrier of air exception to the FLSA.  Section 213(b)(3) of Title 29 specifically provides that 29 U.S.C. § 207 of the FLSA (failure to pay overtime compensation) does not apply to "any employee of a carrier by air subject to the provisions of Title II of the Railway Labor Act." 29 U.S.C. § 213 (b)(3).  Thus, Plaintiffs' claim for overtime compensation will be dismissed.

III.    Unjust Enrichment

US Airways' argument in support of dismissing Plaintiffs' claim for unjust enrichment is two-fold.  First, US Airways argues that if there is no adequately pled employment relationship under the FLSA, the unjust enrichment claim should also be dismissed because the relationship would be too attenuated.  Second, US Airways argues that if an employment relationship is established, Plaintiffs' unjust enrichment claim must be dismissed because there is an adequate legal remedy under the FLSA and Arizona Minium Wage Law.

Unjust enrichment is available where there is "(1) an enrichment, (2) an impoverishment, (3) a connection between the two, (4) the absence of justification for the enrichment and impoverishment and (5) the absence of any remedy at law." *Mousa v. Saba*, 218 P.3d 1038, 1045 (Ariz.App. 2009).  Here, Plaintiffs allege that "[b]y imposing a mandatory per bag fee which ultimately caused Plaintiffs' and proposed class members' wages to fall below minimum wage, Defendants benefitted from the labor of Plaintiffs and the proposed class members, and in so doing were unjustly enriched." Complaint at ¶ 51. Plaintiffs thus are asserting that US Airways was unjustly enriched as the employer in that it received an unjust benefit from the

- 6 -

1  skycaps' labor to the extent they were paying less than the required minimum wage. As set forth
2  above, the Complaint does not set forth a plausible claim that US Airways was Plaintiffs'
3  employer and thus this claim must be dismissed as well.

**IT IS THEREFORE ORDERED** granting Defendant US Airways' Motion to Dismiss Plaintiffs' overtime compensation claim with prejudice.

**IT IS FURTHER ORDERED** granting the remainder of Defendant US Airways Motion to Dismiss without prejudice. Plaintiffs may file an amended complaint setting forth the requisite facts if they exist within 21 days of this Order.

DATED this 11th day of February, 2011.

_____
David K. Duncan
United States Magistrate Judge